United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Wilfredo Robles, Defendant. | )<br>)<br>)<br>) Criminal Case No. 22-20494-CR-Scola<br>)<br>)<br>) |

### Order Denying Second Motion for Sentence Reduction

This matter is before the Court on the Defendant Wilfredo Robles's second motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Def.'s Mot., ECF No. 104.) Without awaiting a response from the Government, the Court concludes Robles's second motion lacks merit. Accordingly, after reviewing the motion, the record, and the relevant legal authorities, the Court **denies** Robles's motion for a reduction of sentence. (**ECF No. 104**.)

1. **Background**

On April 21, 2023, Robles was sentenced to a term of imprisonment of 60 months and 2 years of supervised release after pleading guilty to one count of conspiracy to possess, with intent to distribute, 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70506(b). (ECF No. 62.) His Sentencing Guidelines range was 108 to 135 months of imprisonment.

Since Robles's sentencing, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders ("Amendment 821"), which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Despite having received a variance of two levels below his Guidelines range at sentencing, Robles again seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 60 months in prison and 2 years of supervised release. Robles also appears to once again also seek compassionate release but sets forth no factual or legal basis justifying the request.

2. **Legal Standard**

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003)

(cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

Robles previously submitted a nearly identical motion for a sentence reduction. (Def's 1st Mot., ECF No. 96.) That motion was denied because (1) upon sentencing Robles, the Court proactively applied a two-level reduction to his offense level, anticipating Robles's receipt of the benefit of the zero-point offender reduction, and (2) even with a two-level reduction, Robles's original sentence is below what his new guideline range would be. (Order, ECF No. 97.)

The only meaningful change to Robles's second motion is his clarification that he "meets the 10 criteria listed on U.S.C.G. § 4C1.1." (Def.'s Mot. at 1.) But the Court does not disagree that Robles qualifies as a zero-point offender. Indeed, the Court has already sentenced him as such. The Court's denial of Robles's motion for a reduction in his sentence is instead denied *despite* his status as a zero-point offender, as previously explained in the Court's order denying his first motion. (Order at 3.)

### 4. Conclusion

Accordingly, based on the foregoing, the Court once again denies Robles's motion for a reduction of his sentence. Additionally, because Robles did not provide any factual or legal support justifying compassionate release, again, the Court denies that aspect of his motion as well. In sum, the Court **denies** Robles's second motion in its entirety (**ECF No. 104**).

**Done and ordered** at Miami, Florida on December 10, 2024.

_____
Robert N. Scola, Jr.
United States District Judge